**BOSA DEVELOPMENT CALIFORNIA, INC., a California corporation, Plaintiff,**

**v.**

**SHELL OIL COMPANY, a Delaware corporation, Defendant,**

**and**

**Greyhound Lines, Inc., a Delaware corporation;, Defendant-cross-defendant—Appellee,**

---

1. Because the parties are familiar with the facts, we do not recite them here.

Viad Corporation, a Delaware corporation, Defendant-cross-defendant-cross-claimant—Appellant.

No. 02–56074.

D.C. No. CV–01–01179–TJW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2003.

Decided July 23, 2003.

Before REINHARDT, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM *

Viad Corp. appeals from the district court's grant of summary judgment. The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

According to Arizona law, we must construe the Settlement Agreement according to its "clear and unambiguous language." *Shattuck v. Precision Toyota, Inc.,* 115 Ariz. 586, 566 P.2d 1332, 1334 (1977). Under the terms of the Settlement Agreement, the prior agreements between the parties will govern Viad's liability if two conditions are met: (1) the damages alleged by Bosa are an "Environmental Obligation," and (2) Viad was "Notified" about the Environmental Obligation prior to March 1, 1992. Viad concedes that the harm to Bosa's property constitutes an Environmental Obligation within the meaning of the Settlement Agreement, *see* Appellant Viad Corp.'s Opening Brief at 16 n. 4, thus leaving only the question of notification.

We conclude that Viad was "Notified." In a 1987 letter, GLI informed Viad that it was potentially liable for soil contamination. Included in the letter was a map showing the extent of the contamination and in particular contamination on Bosa's property. By informing Viad that it was potentially liable for wide-spread contamination and providing maps which show the extent of such contamination on neighbor-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**634**

ing properties, including Bosa's, GLI "reasonably disclosed" the existence of the obligation to Viad under the plain language of the Settlement Agreement.

Because Viad was notified of an Environmental Obligation prior to March 1, 1992, "the Amended Acquisition Agreement, Master Lease, Claims Treatment Agreement and the San Diego Letter shall continue to govern such Environmental Obligations."

Under these agreements, it is clear that GLI is entitled to indemnification. The most recent agreement, the San Diego Letter Agreement, states that Viad "has agreed to indemnify and hold harmless [GLI] from any and all liabilities of any nature or kind (including third party claims) . . . arising out of or resulting from or in connection with the soil and groundwater contamination at the [Property]" unless the contamination on the property was "newly discovered" after August 31, 1992 *and* "was caused solely by the activity of GLI . . . after March 18, 1987." As noted above, there is no doubt that Viad was aware of the contamination well before August 31, 1992, and thus failed to meet both requirements of the liability shifting provision of the San Diego Letter Agreement. GLI is therefore entitled to indemnity.

AFFIRMED.